IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| HANNAH ROBERTSON, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, R.R.S.<br><br>Plaintiffs,<br><br>vs.<br><br>ANDERSON MILL ELEMENTARY SCHOOL, SPARTANBURG COUNTY SCHOOL DISTRICT #6 AND ELIZABETH FOSTER, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS PRINCIPAL<br><br>Defendants. | Case No:<br><br><br>**COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

Plaintiffs Hannah Robertson and her minor child R.R.S., by and through their undersigned attorneys, and for their Complaint state as follows:

**PARTIES**

1. Plaintiffs Hannah Robertson and her minor child R.R.S. were citizens and residents of Spartanburg County, South Carolina at all times relevant to the events complained of.

2. Upon information and belief, Defendant Spartanburg School District #6 operates Defendant Anderson Mill Elementary School which is located in Spartanburg County where the events giving rise to this action occurred.

3. Upon information and belief, Defendant Principal Elizabeth Foster was a citizen and resident of Spartanburg County, South Carolina at all times relevant to the events complained of.

**JURISDICITON AND VENUE**

4. Plaintiffs bring this matter in large part under 42 U.S.C. Section 1983 for violations of civil rights under the First and Fourteenth Amendments to the U.S. Constitution.

5. Jurisdiction is proper pursuant to 28 U.S.C. Sections 1331, 1343 and 1367.

6. Venue is proper pursuant to 28 U.S.C. Section 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district, specifically the Spartanburg division.

**FACTS**

7. The minor child Plaintiff, R.R.S., attends Defendant Anderson Mill Elementary School and is ten (10) years old and in the 4th grade.

8. Upon information and belief, several weeks prior to the filing of this Complaint, Plaintiff R.R.S. was given an assignment by her teacher, Ms. Anna Parham, to write a paper on any topic addressed "to society."

9. As Plaintiff R.R.S.'s maternal grandfather (Plaintiff Hannah Robertson's father) is a homosexual active in the LGBTQ community, both Plaintiffs are proud advocates of LGBTQ rights. Therefore, Plaintiff R.R.S. decided that she wanted her paper to help society learn to treat members of the LGBTQ community equally. About a week prior to the filing of this Complaint, and after two written drafts of her paper, Ms. Parham allowed Plaintiff R.R.S. to type out and submit the following paper (verbatim):

> "To society,
>
> I don't know if you know this but peoples view on Tran's genders is an issue. People think that men should not drees like a women, and saying mean things. They think that they are choosing the wrong thing in life. In the world people can choose who they want to be not being told that THEIR diction is wrong. I hope people understand that people can hurt themselves from others hurting their feelings. People need to think before they speak because one word can hurt someone's feelings. We need to fix this because this is getting out of hand!"

10. Upon information and belief, all 4th graders at Anderson Mill Elementary School were given this assignment with the end goal being that all the papers would be combined, published and sent home with the students.

11. Upon information and belief, Defendant Principal Elizabeth Foster reviewed all of the papers and directed Ms. Parham to tell Plaintiff R.R.S. the school would not publish her paper as it was not an

appropriate topic. Plaintiff R.R.S. was forced by Defendant Principal Elizabeth Foster to instead type and submit the following paper about bullying (verbatim):

> "To society,
>
> I don't know if you know this but peoples view on bullying is an issue. People think that saying mean things is ok and saying mean things. They think that they are choosing the wrong thing in life. In the world people can choose who they want to be not being told that THEIR diction is wrong. I hope people understand that people can hurt themselves from others hurting their feelings. People need to think before they speak because one word can hurt someone's feelings. We need to fix this because this is getting out of hand!"

12. Within the week preceding the filing of this Complaint, and through a series of increasingly abusive, harassing, emotionally distressful and/or clearly unwarranted communications with Plaintiff Hannah Robertson, Defendant Principal Elizabeth Foster religiously defended her decision by consistently raising her voice and making loud statements, including but not limited to the following: that the original paper would "make other parents upset," "would create a undesirable situation at the school," was "not acceptable" and that it was "not age-appropriate to discuss transgenders, lesbians and drag queens outside of the home." Defendant Principal Elizabeth Foster further proclaimed that "due to the type of school this is, the people that work here and the students and families of the students that go here, the topic would be disagreeable."

13. At this time, Plaintiff R.R.S. is extraordinarily fearful of encountering Defendant Principal Elizabeth Foster at school and is in a state of severe emotional distress and confusion.

14. At this time, Plaintiff Hannah Robertson has terminated all communication with Defendant Principal Elizabeth Foster due to an inability to continue enduring the aforementioned emotionally distressful persecution.

**FOR A FIRST CAUSE OF ACTION**
**(Violation of First Amendment Right to Freedom of Speech)**

15. Plaintiffs hereby incorporate by reference all previously stated paragraphs.

16. Acting under color of state law, and by forcing Plaintiff R.R.S. to change the topic of her paper, Defendant Principal Elizabeth Foster in her official capacity did deprive Plaintiff R.R.S. of her right to engage in protected speech in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. Section 1983.

17. By and through the aforementioned acts of Defendant Principal Elizabeth Foster, as employee and/or agent of Defendant Anderson Mill Elementary School and/or Defendant Spartanburg School County District #6, all Defendants are liable, either directly or vicariously, for the aforementioned Constitutional violation.

18. This restriction on Plaintiff R.R.S.'s speech is content and viewpoint-based in violation of the Free Speech Clause of the First Amendment.

19. Defendants' true purpose was to silence speech supportive of LGBTQ rights in violation of the Free Speech Clause of the First Amendment.

20. As a direct and proximate result of Defendants' violation of the Free Speech Clause of the First Amendment, Plaintiff R.R.S. has suffered irreparable harm, including but not limited to emotional distress and trauma, public and private humiliation, embarrassment, social anxiety, extreme confusion, depression and the loss of her constitutional rights, entitling her to compensatory, punitive, declaratory and injunctive relief and nominal damages.

21. Furthermore, as a direct and proximate result of the malicious, intentional, reckless and callous indifference to Plaintiff R.R.S.'s protected First Amendment rights by Defendant Principal Elizabeth Foster in her individual capacity, Plaintiff R.R.S. is entitled to punitive damages.

**FOR A SECOND CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**

22. Plaintiffs hereby incorporate by reference all previously stated paragraphs.

23. By and through the acts of Defendant Principal Elizabeth Foster, in her official and/or individual capacities, and as employee and/or agent of Defendant Anderson Mill Elementary School and/or

Defendant Spartanburg School County District #6, Defendants did intentionally or recklessly inflict severe emotional distress, or was/were certain, or substantially certain, that such distress would result from Defendant Principal Elizabeth Foster's treatment of Plaintiffs as previously described.

24.     The aforementioned conduct to which Plaintiffs were subjected was so extreme and outrageous so as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

25.     The actions of Defendants, by and through Defendant Principal Elizabeth Foster, caused Plaintiffs emotional distress which was so severe that no reasonable person could be expected to endure it.

26.     As a direct and proximate result of Defendants' intentional infliction of emotional distress upon Plaintiffs, Plaintiffs are entitled to recover compensatory and punitive damages for emotional pain and suffering, as well as other damages as deemed appropriate by the Court.

### FOR A THIRD CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

27.     Plaintiffs hereby incorporate by reference all previously stated paragraphs.

28.     By and through the acts of Defendant Principal Elizabeth Foster, in her official and/or individual capacities, and as employee and/or agent of Defendant Anderson Mill Elementary School and/or Defendant Spartanburg School County District #6, Defendants did negligently engage in conduct which foreseeably would cause the Plaintiffs emotional distress, and which did in actuality cause Plaintiffs severe emotional distress.

29.     As a direct and proximate result of Defendants' negligent infliction of emotional distress upon Plaintiffs, Plaintiffs are entitled to recover compensatory damages for emotional pain and suffering, as well as other damages as deemed appropriate by the Court.

**WHEREFORE**, Plaintiffs demand a trial by jury and pray for judgment against Defendants in the amount of actual damages, punitive damages, declaratory and injunctive relief and nominal damages, for reasonable attorneys' fees, the costs of this action, and for such other relief as the Court may deem just and proper. As it relates specifically to Plaintiffs' request for declaratory and injunctive relief, Plaintiffs respectfully request that

the Court enter judgment against Defendants and provide Plaintiffs with the following declaratory and injunctive relief:

(a) A declaratory judgment that Defendants, by and through the actions of Defendant Principal Elizabeth Foster, did indeed violate the First and Fourteenth Amendment rights of Plaintiff R.R.S.;

(b) A preliminary and permanent injunction prohibiting the Defendants, their agents, officials, servants, employees and any other persons acting on their behalf from violating the First and Fourteenth Amendment rights of Plaintiff R.R.S. as well as every current and future student of Defendant Spartanburg School District #6; and

(c) All other further declaratory and injunctive relief to which Plaintiffs may be entitled.

Respectfully submitted,

*s/Eric C. Poston*
Eric C. Poston [Fed Bar #12436]
Chalmers Poston, LLC
1320 Main Street, Suite 300
Columbia, SC 29201
(803) 463-4561
eposton@chalmersposton.com
ATTORNEYS FOR PLAINTIFFS

March 6, 2019