IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Hannah Robertson, individually and on behalf of her minor child, R.R.S., <br><br>    Plaintiffs, <br><br>vs. <br><br>Anderson Mill Elementary School, Spartanburg County School District #6, and Elizabeth Foster, individually and in her official capacity as Principal, <br><br>    Defendants. | C.A. No. 7:19-cv-00668 <br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT** |

Defendants, Anderson Mill Elementary School, Spartanburg County School District Six, and Rebecca Foster (also known as Elizabeth Foster), individually and in her official capacity as Principal ("Defendants"), by and through their undersigned counsel, hereby respond to the Amended Complaint of Plaintiff, Hannah Robertson, individually and on behalf of her minor child, R.R.S., and deny each and every allegation of the Amended Complaint except as may be expressly admitted herein, and further respond to the specific allegations of Plaintiffs' Amended Complaint, in accordance with the numbered paragraphs thereof, as follows:

## PARTIES

1.    Admitted upon information and belief.

2.    Admitted in part and denied as stated in part. Defendants admit only that Anderson Mill Elementary School, which is operated by Spartanburg School District Six, is located in Spartanburg County, the county in which Plaintiffs allege events giving rise to this action occurred. Any remaining allegations contained in this paragraph are denied as stated.

3.    Admitted.

## JURISDICTION AND VENUE

4.    This paragraph states a conclusion of law to which no response is required. To the extent a response is required, Defendants admit only Plaintiffs purport to bring this action

pursuant to the referenced statutes but deny violating any of the statutes cited or any other laws.

5. This paragraph is jurisdictional in nature and requires no response. To the extent a response is required, Defendants admit jurisdiction is proper.

6. This paragraph is jurisdictional in nature and requires no response. To the extent a response is required, Defendants admit venue is proper and deny any remaining allegations contained in this paragraph.

## FACTS

7. Admitted upon information and belief.

8. Admitted in part and denied in part. Defendants admit only that prior to the filing of the original Complaint, on or around February 25, 2019, students in Ms. Parham's class, including Minor Plaintiff, were issued a persuasive writing assignment. Any remaining allegations contained in this paragraph are denied.

9. Admitted in part and denied in part. Defendants lack sufficient knowledge to admit or deny the allegations contained in the first and second sentences of this paragraph. As it relates to the third sentence contained in this paragraph, including its subpart, Defendants admit only that the students, including Minor Plaintiff, were permitted to prepare handwritten and typed drafts of their writing assignments and would defer to Minor Plaintiff's actual writing samples as the best sources concerning their content. Any remaining allegations contained in this paragraph are denied.

10. Admitted in part and denied in part. Defendants admit only that the completed writing samples from the fourth grade students in Ms. Parham's class were to be placed in a collection or booklet for the class. Any remaining allegations contained in this paragraph are denied.

11. Admitted in part and denied in part. The allegations contained in the first and second sentences of this paragraph are denied. As it relates to the subpart of the second sentence contained in this paragraph, Defendants admits only that Minor Plaintiff revised her writing sample and would defer to the revised version of the writing sample as the best source concerning its actual contents. Any remaining allegations contained in this paragraph are denied.

12. Denied.

13. Denied.

14. Admitted in part and denied in part. Defendants admit only that by letter dated

March 20, 2019, from counsel for Plaintiffs to counsel for Defendants, Defendants were, for the first time, made aware of Plaintiff's position and/or desire regarding future communications with Defendants. Any remaining allegations contained in this paragraph are denied.

15. Admitted in part and denied in part. Defendants admit only that a letter dated March 15, 2019, was sent from Defendant Foster to Plaintiff, via regular and certified mailed, as consistent with the District's standard practice in these type matters and would defer to the actual letter as the best source regarding its contents. Any remaining allegations contained in this paragraph are denied.

16. This paragraph contains statements seeking or soliciting protected attorney-client information to which no response is required. Any remaining allegations contained in this paragraph are denied.

17. Admitted in part and denied in part. Defendants admit only that a letter dated March 15, 2019, was sent from Defendant Foster to Plaintiff and would defer to the actual letter as the best source regarding its contents. Any remaining allegations contained in this paragraph are denied.

18. Denied for lack of knowledge. Defendants further deny contributing or causing any alleged loss or harm to Plaintiffs.

19. Denied for lack of knowledge. Defendants further deny contributing or causing any alleged loss or harm to Plaintiffs.

**FOR A FIRST CAUSE OF ACTION**
**(Violation of First Amendment Right to Freedom of Speech)**

20. Defendants incorporate by reference their responses to Paragraphs 1 through 19 of the Amended Complaint as if stated herein verbatim.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

## FOR A SECOND CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

27.  Defendants incorporate by reference their responses to Paragraphs 1 through 26 of the Amended Complaint as if stated herein verbatim.

28.  Denied.

29.  Denied.

30.  Denied.

31.  Denied.

## FOR A THIRD CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

32.  Defendants incorporate by reference their responses to Paragraphs 1 through 31 of the complaint as if stated herein verbatim.

33.  Denied.

34.  Denied.

35.  Defendants deny that Plaintiffs are entitled to any of the relief requested in the Amended Complaint or to any other recovery whatsoever.

36.  Defendants deny each and every allegation of the Amended Complaint except those expressly admitted herein.

## FIRST AFFIRMATIVE DEFENSE

Defendants are immune from liability under Section 15-78-60(5) of the South Carolina Tort Claims Act because Plaintiffs' alleged injuries resulted, if at all, from Defendants exercise of discretion or judgment or Defendants performance or failure to perform an act or service that is in their discretion or judgment.

## SECOND AFFIRMATIVE DEFENSE

Defendants are immune from liability under Section 15-78-60(25) of the South Carolina Tort Claims Act because Plaintiffs' alleged injuries resulted, if at all, from an exercise of

Defendants responsibility or duty to supervise, protect, and control their students and/or employees, and Defendants did not exercise this responsibility or duty in a grossly negligent manner.

### THIRD AFFIRMATIVE DEFENSE

Some of Plaintiffs' claims are subject to the South Carolina Tort Claims Act's limitations and immunities with respect to causes of action and liability, including §§15-78-40, and -70.

### FOURTH AFFIRMATIVE DEFENSE

Defendants are not liable to the extent the Amended Complaint fails to state facts sufficient to constitute a cause of action or to state a claim on which relief can be granted against Defendants.

### FIFTH AFFIRMATIVE DEFENSE

Defendants plead as a further bar to this action each and every provision of the South Carolina Tort Claims Act, including its limitations on damages and its exceptions to the waiver of sovereign immunity.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek recovery for the intentional infliction of emotional distress, Plaintiffs' claim must fail because the South Carolina Tort Claims Act expressly prohibits recovery for such a claim. In addition, Plaintiff's' cause of action for an negligent infliction of emotional distress is subject to dismissal because there is no such cause of action under South Carolina law and the South Carolina Tort Claims Act prohibits any recovery from Defendants for the alleged intentional infliction of emotional distress.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are subject to, limited by, and governed by the due process clause of the United States Constitution. To the extent Plaintiffs seek punitive damages from Defendants, an award of such damages is precluded by applicable statutory and common law, and further, such an award would violate Defendants rights to due process and

equal protection under the Constitution of the United States.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek recovery under 42 U.S.C. § 1983, their claims are barred because no official policy or custom of Defendant School District played any part in the alleged constitutional violation, which is expressly denied.

## NINTH AFFIRMATIVE DEFENSE

At all times relevant to the Amended Complaint, Defendant Foster acted within the scope of her employment and official duties and are immune from individual liability under the South Carolina Tort Claims Act. Further, Defendant Foster should be dismissed from this action because she is not a proper party defendant under the South Carolina Tort Claims Act.

## TENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability under the Tort Claims Act to the extent Plaintiffs' alleged losses, which are expressly denied, are alleged to have resulted from the adoption, enforcement, or compliance with any law, charter, provision, ordinance, resolution, rule, regulation, or written policy, or the failure to adopt or enforce any law, charter, provision, ordinance, resolution, rule, regulation, or written policy.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants are not liable to the extent Plaintiff Hannah Robertson was negligent, grossly negligent, and reckless, and such negligence, gross negligence, and recklessness on the part of the Plaintiff caused or contributed to the matter complained of in the Amended Complaint, and exceeded any alleged gross negligence of the Defendants. Alternatively, Plaintiffs' recovery must be reduced in proportion to the contributory negligence, gross negligence, and recklessness of Plaintiff Hannah Robertson.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their alleged damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiffs' claims are barred by the doctrines of estoppel, unclean hands, laches, and waiver.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by sovereign immunity as expressed in the Eleventh Amendment to the U.S. Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant Anderson Mill Elementary School is not a separate legal entity apart from the School District subject to suit, so all claims against it should be dismissed.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant Foster is entitled to have this action dismissed on the grounds of qualified immunity; Defendant Foster acted with a reasonable, good faith belief in the lawfulness and constitutionality of her actions, and her alleged wrongful conduct did not violate clearly settled law or established rights. The conduct of Defendant Foster was lawful, justified, and made in good faith.

WHEREFORE, having fully answered the Amended Complaint, Defendants respectfully pray that the Court dismiss Plaintiffs' claims against it, with all costs and expenses awarded to the Defendants, together with any and all further relief that the Court deems equitable and just.

Respectfully submitted,

HALLIGAN MAHONEY WILLIAMS SMITH
FAWLEY & REAGLE, PA

By:   s/ Jasmine Rogers Drain
      Jasmine Rogers Drain, Fed. I.D. No. 10169
      jdrain@hmwlegal.com

      Kathryn Long Mahoney, Fed. I.D. No. 5878
      kmahoney@hmwlegal.com

        Thomas K. Barlow, Fed. I.D. No. 7483
        tbarlow@hmwlegal.com

        P.O. Box 11367
        Columbia, South Carolina 29211
        (803) 254-4035

        Attorneys for the Defendants

April 3, 2019

Columbia, South Carolina